HARRIS v. FARGO.

(Supreme Court, Appellate Term. December 16, 1908.)

CARRIERS (§ 105*)—DELAY—SPECIAL DAMAGES—NOTICE.

　　Where plaintiff delivered a camping outfit to an express company for transportation, notice to the driver of the express wagon that plaintiff "required these things urgently" was not sufficient notice to the carrier that special damages would accrue from delay in transportation so as to entitle plaintiff to recover the expense of hotel accommodations for the camping party during the delay, etc.

　　[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451–452½; Dec. Dig. § 105.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Mark Harris against James C. Fargo, as president of the American Express Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Carter, Ledyard & Milburn, for appellant.

Denis O'L. Cohalan, for respondent.

FORD, J. Plaintiff delivered to the defendant, a common carrier, a camping outfit for transportation to Saugerties, N. Y. Due to delay in the delivery of the goods, plaintiff and his several guests who made up a camping party were compelled to put up at a hotel. He voluntarily paid the expenses of the entire party, and sued to recover the amount. Judgment was given in his favor for the following items:

| | |
|---|---:|
| Hotel bill for seven persons for five days at $2 per day........... | $70 00 |
| Expressage on parcel sent by freight through the error of the defendant company.....'..................................................... | 35 |
| Telephone message notifying the Express Company of the nonarrival of the articles shipped........................................... | 60 |
| | $70 95 |

That an erroneous measure of damages was applied is obvious. "The carrier will not be liable for profits lost by reason of failure to perform a special contract, or on account of other special circumstances not apparent from the transaction itself, unless he has notice of the facts which caused the loss. And this notice should be given when the goods are delivered for transportation." 6 Cyc., p. 450. Notice to the driver of the express wagon that he "required these things urgently" was not a sufficient compliance with this rule.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

HENDRICK, J., concurs. GIEGERICH, J., concurs in the result.